IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CLAIR NEAL McCULLEY, )
)
    Petitioner, )
)
) CIV-13-942-D
v. )
)
SETH WALLACE, et al., )
)
    Respondents. )

## REPORT AND RECOMMENDATION

Petitioner, a state pretrial detainee appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

In his 23-page Petition, which is accompanied by some 70 pages of exhibits, Petitioner asserts that he is being detained in the Beaver County Jail, Beaver, Oklahoma, on state criminal charges, that appearance bonds have been set in the pending criminal cases, and that a hearing has been set for September 11, 2013, for Petitioner to appear in court on the charges. Petitioner contends that he is being held illegally and in violation of his constitutional rights because he is a "natural born" or "sovereign" citizen with "unalienable rights." Petitioner also alleges violations of his "right of privacy" and "right to own property" in connection with a search of a vehicle he admits he does not own.

1

The Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] Pursuant to Rule 4, the Court is obligated to review habeas petitions in a prompt manner and to dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. . . ." Moreover, a federal court must *sua sponte* examine each case to determine whether the court has jurisdiction over the matter. See Fed. R. Civ. P. 12(h)(e); Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation. . . .")(internal citation omitted).

I. Exhaustion of State Court Remedies

In his grounds for relief, Petitioner seeks habeas relief with respect to pending criminal charges filed against him in the District Court of Beaver County, Oklahoma.[2] Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] An information attached to the Petition bearing a file-stamped date of July 10, 2013, indicates Petitioner has been charged with two felonies and two misdemeanors, including Display False Identification Card, Possess Firearm During Commission of a Felony, Obstructing Officer, and Driving Without a Driver's License.

opportunity to act on his claims before he presents those claims to federal court in a habeas petition). In every habeas proceeding, the court must address the threshold issue of exhaustion. Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). See Steele v. Young, 11 F.3d 1518, 1523 n. 10 (10th Cir. 1993)(exhaustion issue may be raised by court *sua sponte*.

Only claims presented as federal constitutional claims in state court will satisfy the exhaustion requirement. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999)(quoting Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)).

Petitioner has an adequate forum to litigate his constitutional claims in his criminal proceedings before or during a trial or in an appeal should he be convicted on one or more of the pending charges. See Okla. Stat. tit. 22, § 1051 (right of appeal); Okla. Const. Art. 7, § 4 (Oklahoma Court of Criminal Appeals has exclusive appellate jurisdiction in criminal cases). Petitioner has not demonstrated that he has exhausted available remedies. Therefore, the Petition should be denied without prejudice to a petition for writ of habeas corpus following exhaustion of state remedies.

II. Abstention

Petitioner's request that this Court intervene in ongoing state court criminal proceedings should be denied. It has long been the policy of federal courts to avoid

interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997).

Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Amanatullah v. Colo. Bd. of Med. Exam'rs, 187 F.3d 1160, 1163 (10th Cir. 1999); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

There are ongoing state proceedings concerning the criminal charges filed against Petitioner. Petitioner has an adequate forum to litigate his constitutional claims either in a petition for a writ of prohibition to the Oklahoma Court of Criminal Appeals before his trial, at a trial, or in a direct appeal should he be convicted. See Okla. Stat. tit. 22, §1051 (direct appeal). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

"It is the plaintiff's heavy burden to overcome the bar of Younger abstention by

setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (internal quotations and citation omitted). Petitioner's pleadings do not allege facts that implicate extraordinary circumstances which would warrant this Court's interference in his pending state court proceeding, and Petitioner has other means of presenting his federal claims in the state courts. See Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in state court or by other state procedures available to the petitioner.")(quotation omitted). Consequently, this Court should abstain from reaching the merits of his 28 U.S.C. § 2241 claims.

To the extent Petitioner seeks relief in the form of damages or other equitable relief, this Court lacks jurisdiction to consider such a request in a 28 U.S.C. § 2241 habeas proceeding. Nor does the Court have the jurisdiction to make the declarations Petitioner seeks in his Request for Relief with respect to his identification and/or the sufficiency of any documents purportedly establishing his "identification."

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED WITHOUT PREJUDICE for failure to exhaust available remedies and on the ground of abstention as to Petitioner's claims directed toward his state criminal proceedings and DISMISSED WITH PREJUDICE on the ground of lack of jurisdiction as to all remaining claims.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     September 25th    , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   5th   day of   September  , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE